IN RE CLAIM AFFIDAVIT OF PARSONS, FOR THE USE OF THE WATERS OF MONROE CREEK FOR IRRIGATION. CON PARSONS, APPELLANT, V. HARRY WASSERBURGER ET AL., APPELLEES.

27 N. W. 2d 190

Filed April 11, 1947. No. 32150.

Schnurr & Mumby and Atkins & Lyman, for appellant.
Neighbors & Danielson, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, and WENKE, JJ., and NUSS, District Judge.

YEAGER, J.

This is an appeal by Con Parsons, appellant, from an order of the Department of Roads and Irrigation denying his application for an adjudication of a vested right to an appropriation of 9/14ths cubic feet of water per second of time from Monroe Creek in Sioux County, Nebraska, for irrigation of 34 acres of land in the northeast quarter of the southeast quarter of Section 28, and 11 acres in the southwest quarter of the northwest quarter of Section 27, all in Township 33, North, Range 56, West of the 6th Principal Meridian, in Sioux County, Nebraska.

Harry Wasserburger filed written objection to the application with the Department of Roads and Irrigation and he is denominated as appellee in the proceeding before this court.

Appellant contends that he has a vested right to the appropriation on account of appropriation and use prior to April 4, 1895, the date after which, by an act of the Legislature, prior appropriators had the right to have their priorities determined by the Board of Irrigation which was set up under the provisions of that act. The act is chapter 69, Session Laws of 1895.

Under section 20 of the act it was provided: "Each appropriation shall be determined in its priority and amount, by the time at which it shall have been made, * * * ."

Section 49 provided: "Nothing in this act contained shall be so construed as to interfere with or impair the rights to water appropriated and acquired prior to the passage of this act."

The contention of the appellant is that there was an appropriation from Monroe Creek for these two land areas from a date prior to April 4, 1895, and that the appropriation has been used continuously from the orig-

inal date of appropriation which gives him the right to an adjudication by the Department of Roads and Irrigation of priority from the date of the original appropriation.

It is not questioned that if these lands had an appropriation prior to April 4, 1895, or that one was claimed for them, the owner thereafter had the right to an adjudication upon it, and still has unless there has already been an adjudication. The appellee contends that there has been an adjudication adverse to the appellant.

The action here was properly instituted before the Department of Roads and Irrigation since this Department, by section 46-208, R. S. 1943, exercises the powers and functions of the Board of Irrigation provided for in the act of 1895.

The appellee, by written objections filed, denied generally all claims of appellant and specifically denied that appellant had an appropriation with a priority date before 1895. Appellee claimed an appropriation, the date of which is not of importance here, for his own lands, the description of which is likewise not of importance. He further alleged that the Department of Roads and Irrigation had previously adjudicated that no appropriation existed for these areas prior to 1895 which adjudications were never appealed from, have become conclusive and final, and are res judicata of the claim of appellant in this proceeding.

The facts upon which a determination herein must depend are that Eli J. Wilcox, a predecessor to appellant in title to the northeast quarter of the southeast quarter of Section 28, and the southwest quarter of the northwest quarter of Section 27, all in Township 33, North, Range 56, West of the 6th Principal Meridian, in Sioux County, Nebraska, in July of 1895 petitioned for an adjudication and determination of an irrigation appropriation priority from Monroe Creek for the northeast quarter of Section 33, the southeast quarter of the southeast quarter

of Section 28, and the southwest quarter of Section 27, all in Township 33, North, Range 56, West of the 6th Principal Meridian, in Sioux County, Nebraska, dating from May 1, 1888. The lands herein involved were not included in the lands described in the petition filed in July 1895. Thereafter on December 13, 1897, an adjudication pursuant to law was made declaring and determining that there was an appropriation for about 100 acres within the three described quarter sections of land from May 1, 1888. The location of the area or areas upon the described lands was not indicated.

In March 1941 appellant, as successor of Eli J. Wilcox and others to the title to the lands involved in this case, that is the northeast quarter of the southeast quarter of Section 28, and the southwest quarter of the northwest quarter of Section 27, filed a petition with the Department of Roads and Irrigation the purpose of which was to have the adjudication of December 13, 1897, clarified and extended so as to declare that the areas of 34 acres and 11 acres respectively herein involved were within the adjudicated and declared appropriation of about 100 acres mentioned in the adjudication of December 13, 1897, and to have an appropriation priority declared therefor from May 1, 1888.

On July 28, 1941, the petition was, after hearing, dismissed by order of the Department of Roads and Irrigation on the obvious ground that this was an application to have lands not a part of a previously adjudicated appropriation included therein, a thing which the department could not do for the reason that the adjudication of December 13, 1897, was final, not appealed from, and could not be disturbed.

From this order of dismissal of July 28, 1941, no appeal was taken.

In the bill of exceptions appears an order of the Department of Roads and Irrigation dated September 28, 1945, denying a motion to vacate and set aside the order

of July 28, 1941. The motion was filed August 28, 1941, and from it no appeal was taken.

Then in July 1945 the appellant filed the present claim for an appropriation with a priority date of May 1, 1884. The pleadings and the evidence identify this claim with the one which the Department of Roads and Irrigation held was adjudicated adversely to appellant in 1897; the pleadings and evidence also identify it as the claim adjudicated adversely to him by the Department of Roads and Irrigation on July 28, 1941; and the pleadings further identify it with the motion to vacate the order of July 28, 1941, which motion was overruled on September 28, 1945. From none of these adverse findings and rulings has an appeal ever been taken.

It is to be borne in mind that the effort in this proceeding, though claiming an appropriation priority date of 1884, is not to obtain an adjudication upon a priority not previously adjudicated but to obtain an adjudication that these lands were in fact included in the claim of July 1895 and the adjudication thereon of December 13, 1897.

Clearly then appellant is seeking again an adjudication of that which has been thrice previously adjudicated adversely to him.

It is well settled by the decisions of this court that the Department of Roads and Irrigation has jurisdiction to hear, determine, and make adjudication upon irrigation appropriation rights and priorities, and in the absence of an appeal as provided by law, the orders made in a proper proceeding in reference thereto are final and binding upon the parties. See Farmers Canal Co. v. Frank, 72 Neb. 136, 100 N. W. 286; Enterprise Irrigation District v. Tri-State Land Co., 92 Neb. 121, 138 N. W. 171; Vonburg v. Farmers Irrigation District, 128 Neb. 748, 260 N. W. 383; State ex rel. Sorensen v. Mitchell Irrigation District, 129 Neb. 586, 262 N. W. 543.

This being true, the Department of Roads and Irriga-

tion correctly concluded that the present claim of appellant should be denied.

The order of the Department of Roads and Irrigation denying the claim of appellant is affirmed.

AFFIRMED.