IN RE APPLICATION OF AINSWORTH IRRIGATION DISTRICT. AINSWORTH IRRIGATION DISTRICT, APPELLEE, v. HAROLD HARMS ET AL., APPELLANTS.

102 N. W. 2d 429

Filed April 8, 1960. No. 34616.

*Quigley & Quigley* and *Mason, Knudsen, Dickeson & Berkheimer*, for appellants.

*William C. Smith, Jr., Bert L. Overcash*, and *Woods, Aitken & Aitken*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On September 25, 1958, plaintiff, Ainsworth Irrigation District, filed a petition in the district court for

Brown County, seeking approval and confirmation of its organization as an irrigation district, and approval and confirmation of its contract with the United States for construction of the Ainsworth unit of the Missouri River Basin project, together with operation and maintenance of certain distribution and drainage works for the irrigation of lands within the district and for the delivery of water from such works by employment of a part of the waters of the Snake River, a tributary of the Niobrara River. The first nine paragraphs of plaintiff's petition specifically set forth at length the procedure used in organizing the district, supported by exhibits attached to and made a part of plaintiff's petition, which appear in the bill of exceptions as exhibits A through I. Paragraph 10 of plaintiff's petition set forth at length the time, mode, and manner of executing its contract with the United States, together with its material terms and contents. Also, a copy of such contract, exhibit J, which appears in the bill of exceptions as exhibit 3, was attached to and made a part of plaintiff's petition.

Plaintiff prayed for the fixing of a time for hearing on its petition; the giving of notice, as required by law; and that upon such hearing, an order be rendered approving and confirming the organization of the district, approving and confirming the proceedings of plaintiff's board of directors leading up to and including the making of its contract with the United States, and approving and confirming the validity of its terms and the execution thereof.

Certain motions were filed by the parties and were overruled, but as we view it, the substance thereof is unimportant to ultimate decision herein.

Be that as it may, nine named defendants answered plaintiff's petition, admitting the allegations of fact contained in the first nine paragraphs of plaintiff's petition whereby they admitted that plaintiff had taken all of the procedural steps required by law to organize as

an irrigation district. Defendants' answer denied the allegations of fact set forth in paragraph 10 of plaintiff's petition, but admitted that plaintiff district, by its president and secretary, executed plaintiff's contract with the United States, a copy of which was identified as exhibit J by plaintiff's petition. Defendants then respectively set forth the description and location of lands owned by and in the possession of each of them and substantially alleged in paragraphs 6, 7, 8, 9, 10, 12, and 13 that the water intended to be appropriated for use by plaintiff would be diverted and appropriated from the Snake River and would not be returned thereto or to the Missouri River, contrary to and in derogation of the statutes, laws, and public policy of this state. Defendants also alleged that plaintiff's petition did not state a cause of action, and prayed for denial of the relief sought by plaintiff and a dismissal of plaintiff's petition. In that connection, this is a proper place to say that plaintiff's petition did state a cause of action under the provisions of sections 46-1,151 and 46-1,152, R. R. S. 1943, and other related sections hereinafter mentioned.

Plaintiff then filed a motion in the alternative to strike defendants' entire answer, or to strike paragraphs 6, 7, 8, 9, 10, 12, and 13 therefrom, upon the ground that the allegations therein were not a defense to plaintiff's action because the Department of Water Resources had exclusive original jurisdiction over all matters pertaining to water rights and the appropriation of water in such cases; that such defense was redundant and irrelevant to the object of plaintiff's action; and that paragraph 6 of plaintiff's contract with the United States specifically provided that: " 'The right to the beneficial use of the District water supply shall be governed by the Federal Reclamation Laws and the laws of the State of Nebraska, as the same may at any time apply to this contract; * * *.' " In that connection, the trial court overruled plaintiff's motion to strike defendants'

entire answer, but sustained plaintiff's motion to strike paragraphs 6, 7, 8, 9, 10, 12, and 13 from defendants' answer. Plaintiff's reply was a general denial.

Thereafter, a hearing was held upon the merits, and a judgment was rendered which approved and confirmed the organization of plaintiff as an irrigation district and approved and confirmed plaintiff's contract with the United States as prayed by plaintiff. Defendants' motion for new trial was overruled, and they appealed, assigning, as far as important here, that the trial court erred in striking the aforesaid paragraphs from their answer, and in excluding evidence by overruling defendants' offer to prove the facts alleged therein. We do not sustain defendants' assignment.

Defendants admit, and the record establishes as well, that plaintiff district was legally formed and organized by taking every procedural step required by law, and that plaintiff's contract with the United States was duly executed by the parties in every respect as required by law. In that connection, as stated in the record by defendants' counsel during the trial: "We are not making any objection to the interpretation of the language, or the various items in the contract, or the particular wording in this contract, Exhibit 3; our contention is that the entire Exhibit 3 is void and cannot be confirmed by the Court, because of its illegal nature," because it intends to appropriate and employ a "diversion of water from the Snake River into the canal for use in this district." Defendants' counsel further stated: "* * * we have admitted the proceedings that go to make up the district; but the district is illegally formed because it was formed for an unlawful and void purpose." Defendants agreed with the trial court that: "As far as these defendants are concerned" the whole issue was "the right of this district to divert this water over these various water sheds," as named and claimed by defendants.

Thus, the sole question presented in this case, as we

view it, is whether or not the trial court had original jurisdiction to hear and adjudicate the issue of plaintiff's water rights and its right to an appropriation and employment of water for irrigation purposes from the Snake River. We conclude that the trial court did not have such jurisdiction, but that the Department of Water Resources had exclusive original jurisdiction, acting as a quasi-judicial body, to hear, determine, and adjudicate plaintiff's water rights for irrigation and its appropriation rights and priorities, if any.

This action is a special proceeding in rem in the district court, as authorized by sections 46-1,151 and 46-1,152, R. R. S. 1943, and other related sections, 46-1,102 and 46-1,106, R. R. S. 1943. In that connection, section 46-1,151, R. R. S. 1943, authorizes the "board of directors of any irrigation district heretofore or hereafter organized" and "before or after the making of any contract with the United States or others," to "commence a special proceeding in the district court of the state, in and by which the proceedings of such board and of such district leading up to or including the making of any such contract, and the validity of any of the terms thereof * * * or the taking of any particular steps or action, shall be judicially examined, approved and confirmed, or disapproved and disaffirmed."

Section 46-1,152, R. R. S. 1943, provides the practice and procedure for such judicial determination, and recites that: "The court may approve and confirm such proceedings in part and disapprove and declare illegal or invalid other and subsequent parts of the proceedings, and insofar as possible the court shall remedy and cure all defects in such proceedings."

The trial court herein approved and confirmed plaintiff's contract with the United States, but ruled in effect during the course of the proceedings that plaintiff's right to an appropriation, and use of water by plaintiff for irrigation purposes, and the issue of defend-

ants' claimed unlawful diversion of water for irrigation from the Snake River, was within the exclusive original jurisdiction of the Department of Water Resources. In that connection, such department was created by section 81-101, R. R. S. 1943. Section 46-705, R. S. Supp., 1959, effective September 20, 1957, transferred to such department all powers and duties with regard to water rights for irrigation theretofore imposed by law upon the Department of Roads and Irrigation.

In such respect, section 46-209, R. S. Supp., 1959, effective September 20, 1957, provides in part: "The Department of Water Resources is given jurisdiction over all matters pertaining to water rights for irrigation, power or other useful purposes, and drainage, except as such jurisdiction is specifically limited by statute. Such department shall adopt rules governing matters coming before it. It may refuse to allow any water to be used by claimants until their rights have been determined and made of record. It may request information relative to irrigation * * * from any and all * * * irrigation * * * officers and from any other person or persons. It shall have public hearings on complaints, petitions, or applications in connection with any of the above matters. Such hearings may be had at the time and place designated by the department. The department shall have power to certify to official acts, compel attendance of witnesses, take testimony by deposition as in suits at law, to examine books, papers, documents, and records of any * * * party, or parties interested in any of the matters hereinbefore mentioned, or have such examinations made by its qualified representative, and shall make and preserve a true and complete transcript of its proceedings and hearings. Upon any hearing, the department shall receive any evidence relevant to the matter under investigation and the burden of proof shall be upon the person making the complaint, petition, and application. After such hearing and investigation, the department shall render a de-

cision in the premises in writing and shall issue such order or orders duly certified as it may deem necessary." In that connection, and contrary to defendants' contention, we are cited no statute or authority, and we have found none, which limited the exclusive original jurisdiction of the Department of Water Resources with relation to plaintiff's water rights and appropriation in the case at bar.

Section 46-210, R. R. S. 1943, provides for an appeal from final orders so rendered by the Department of Water Resources directly to this court. In Cozad Ditch Co. v. Central Nebraska Public Power & Irr. Dist., 132 Neb. 547, 272 N. W. 560, citing authorities, this court said: "The existence of a final order (made and rendered by the Department of Roads and Irrigation, now the Department of Water Resources) is essential and a prerequisite to review in this court."

Defendants relied upon Osterman v. Central Nebraska Public Power & Irr. Dist., 131 Neb. 356, 268 N. W. 334, to support their contention that the trial court had original jurisdiction to determine plaintiff's water rights and appropriation therefor, together with defendant's alleged issue of diversion. That opinion is entirely distinguishable, and, as a matter of fact, the very first paragraph thereof obliterates defendants' contention wherein it is pointed out: "This is an appeal to this court in a special statutory proceeding before the department of roads and irrigation" wherein "The final orders entered by that department" were "here sought to be reviewed * * *." Also, in a second appearance of Osterman v. Central Nebraska Public Power & Irr. Dist., 133 Neb. 606, 276 N. W. 398, this court said: "The litigation was instituted by proceedings before that public tribunal, the forum of original jurisdiction."

As early as Castle Rock Irrigation Canal & Water Power Co. v. Jurisch, 67 Neb. 377, 93 N. W. 690, this court said: "Thus the control of the waters of the state is provided for, and a state board established with ex-

clusive original jurisdiction to apportion the waters of the state to the citizens thereof for beneficial purposes." That opinion also held that an applicant for the appropriation of waters of the state for irrigation, cannot prosecute the work and condemn a right-of-way for that purpose until he has a permit from the State Board of Irrigation to divert the water of the state to specific lands described in his application.

In Kirk v. State Board of Irrigation, 90 Neb. 627, 134 N. W. 167, this court held: "In this state, the water of running streams is publici juris; its beneficial use belongs to the public and is controlled by the state in its sovereign capacity."

In Frenchman Valley Irr. Dist. v. Smith, 167 Neb. 78, 91 N. W. 2d 415, a special proceeding comparable with that at bar, this court held: "By statute, the board of directors of any irrigation district heretofore or hereafter organized may, in its discretion, before or after making any contract with the United States of America, or the taking of any particular steps or action, commence a special proceeding in the district court of the state, in and by which the proceedings of such board and of such district leading up to or including the making of any such contract, and the validity of the terms thereof, or the taking of any particular steps or action, shall be judicially examined, approved, and confirmed, or disapproved and disaffirmed.

"By statute, the United States of America and every person intending to appropriate any of the public waters of the state shall, before commencing the construction, enlargement, or extension of any works for such purpose, performing any work in connection with the same, or taking any water from any constructed works, make application to the Department of Roads and Irrigation for a permit to make such appropriation."

As said in In re Claim Affidavit of Parsons, 148 Neb. 239, 27 N. W. 2d 190, citing authorities: "It is well settled by the decisions of this court that the Department

of Roads and Irrigation has jurisdiction to hear, determine, and make adjudication upon irrigation appropriation rights and priorities, and in the absence of an appeal as provided by law, the orders made in a proper proceeding in reference thereto are final and binding upon the parties." This and other courts have so concluded in other cases too numerous to cite.

As recently as North Loup River Public Power & Irr. Dist. v. Loup River Public Power Dist., 162 Neb. 22, 74 N. W. 2d 863, we said: "It is clearly recognized that the department has authority, granted by statute, to adjudicate water rights in this state. It is invested with certain quasi judicial powers which have application only to the granting and cancellation of appropriation rights and priorities. State ex rel. Cary v. Cochran, 138 Neb. 163, 292 N. W. 239; Loup River Public Power Dist. v. North Loup River Public Power & Irr. Dist., 142 Neb. 141, 5 N. W. 2d 240. The approval of an application for an appropriation of public waters under section 46-235, R. R. S. 1943, is an exercise of the quasi judicial powers of the department. It will be noted that under the foregoing section of the statute the department, upon examination of the application, may endorse its approval 'for a less period of time for perfecting the proposed appropriation, or for a less amount of water, or for a less amount of land than applied for.' An aggrieved applicant is given an opportunity to be heard by the department, and the further right to appeal to this court from an adverse decision. In Loup River Public Power Dist. v. North Loup River Public Power & Irr. Dist., supra, we said: 'Under the provisions of section 81-6317, Comp. St. 1929, the department may approve the application for an appropriation of public waters in an amount less than that applied for. If the applicant be dissatisfied, the remedy is by appeal to the supreme court, and if he fails to appeal, the appropriation as made is final.' Otherwise stated, unless an appeal is taken from the adverse order of the depart-

ment, the decision of the department is final and the issues finally adjudicated."

In that connection, section 46-226, R. R. S. 1943, provides that: "The Department of Roads and Irrigation (now the Department of Water Resources) shall make proper arrangements for the determination of priorities of right to use the public waters of the state, and determine the same. The method of determining the priority and amount of appropriation shall be fixed by the department."

Also, section 46-233, R. S. Supp., 1959, effective September 20, 1957, provides that: "(1) The United States of America and every person hereafter intending to appropriate any of the public waters of the State of Nebraska shall before (a) commencing the construction, enlargement, or extension of any works for such purpose, (b) performing any work in connection with the same, or (c) taking any water from any constructed works, make an application to the Department of Water Resources for a permit to make such appropriation * * *. (3) Upon receipt of the application required by the provisions of subsection (1) of this section and containing the information set forth in subsection (2) of this section, the department shall (a) make a record of the receipt of such application, (b) cause the same to be recorded in its office, and (c) make a careful examination of the application to ascertain whether it sets forth all the facts necessary to enable the department to determine the nature and amount of the proposed appropriation."

Further, section 46-238, R. S. Supp., 1959, effective September 20, 1957, provides for the time within which the construction of irrigation works shall commence after approval of the application for water for irrigation purposes by the Department of Water Resources has been obtained. Such section also provides: "Any application for an appropriative right which is deficient by reason of past failure to comply with any of the

requirements of sections 46-233 and 46-238 for the perfection of an appropriative right, which application has not been dismissed or denied, is also hereby ratified and confirmed; unless, within one year from September 20, 1957, a petition to vacate such an order granting an extension of time, or a petition to forfeit, cancel or otherwise invalidate such an application for an appropriative right, shall have been filed with the department by a person affected adversely thereby."

Thus, although the organization of plaintiff district, and its contract with the United States have been approved and confirmed by the district court as authorized by statutes heretofore cited, plaintiff still has no water rights or authority to appropriate or use any water for irrigation, or to prosecute the work in connection therewith until the Department of Water Resources has adjudicated such rights. In other words, the approval and confirmation of plaintiff's organization as an irrigation district and its contract with the United States could neither give nor deprive plaintiff of any water rights or appropriation of water for irrigation purposes because the Department of Water Resources had exclusive original jurisdiction of such matters. In that connection, the defense pleaded in paragraphs 6, 7, 8, 9, 10, 12, and 13, which were stricken from defendants' answer, was entirely redundant and irrelevant to the object of the special proceedings at bar. Such paragraphs were properly stricken, and if any evidence was offered by defendants in support thereof, it was properly refused admission.

In this case, the Department of Water Resources had exclusive original jurisdiction "over all matters pertaining to water rights for irrigation," which included plaintiff's right to water for irrigation and an appropriation therefor, together with the issue of diversion claimed by defendants. As a matter of fact, such issues were ultimately presented and finally determined by special proceedings before the Department of Water Resources,

and defendants have appealed therefrom in case No. 34747, decided this day. Ainsworth Irr. Dist. v. Bejot, *post,* p. 257, 102 N. W. 2d 416.

For reasons heretofore stated, we conclude that the judgment rendered herein should be and hereby is affirmed. All costs are taxed to defendants.

AFFIRMED.