MAX D. HICKMAN, APPELLANT, v. LOUP RIVER PUBLIC POWER DISTRICT ET AL., APPELLEES, MIDDLE LOUP PUBLIC POWER AND IRRIGATION DISTRICT ET AL., INTERVENERS-APPELLANTS.

113 N. W. 2d 617

Filed March 2, 1962. No. 35112.

*John H. Evans,* for appellant Hickman.

*Monsky, Grodinsky, Good & Cohen, George A. Munn, Leo F. Clinch,* and *Hotz, Hotz & Taylor,* for interveners-appellants.

*Neighbors, Danielson & Van Steenberg* and *Walter, Albert, Leininger & Grant,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal by the petitioner Max D. Hickman from a final order of the Department of Water Resources of the State of Nebraska dismissing his petition for the cancellation and annulment of the appropriation rights of the respondents Loup River Public Power District and the United States of America, arising out of appropriation No. 2287 granted to Loup River Public Power District for 3,500 cubic feet of water per second of time with a priority date of September 15, 1932. Petitions of intervention filed by North Loup River Public Power and Irrigation District and its receiver R. L. Cochran and by Middle Loup Public Power and Irrigation District were also dismissed. Each of the interveners has perfected appeal to this court.

As a matter of convenience we shall hereafter refer to the petitioner as Hickman, to the respondent Loup River Public Power District as Loup District, to the North Loup River Public Power and Irrigation District as North Loup District, to R. L. Cochran, receiver of the North Loup River Public Power and Irrigation District, as receiver, to the Middle Loup Public Power and Irrigation District as Middle Loup District, to the Department of Water Resources of the State of Nebraska and its predecessors as department, and to the United States of America as United States.

The petitioner is the owner of an appropriation of the public waters of the Middle Loup River for the purpose of irrigation for 1.28 cubic feet per second of time with a priority date of October 23, 1939. His appropriation is junior in point of time to the claimed appropriation rights of Loup District, North Loup District, and Middle Loup District.

The Loup District obtained an appropriation of public waters of the Loup River for the purpose of gen-

erating power with a priority date of September 15, 1932, and with a diversion rate of 3,500 cubic feet per second of time. The purpose of this appropriation was for the operation of a hydroelectric power plant near Columbus, Nebraska. The diversion of water was to be made at a point below the confluence of the North Loup and Middle Loup Rivers, and other streams, to form the Loup River.

It is the contention of Hickman that in granting the corrected application of the Loup District the department fixed August 24, 1937, as the final date for perfecting the application of water to the beneficial use for which the appropriation was made. No appeal was taken from the order of the department approving the corrected application, and Hickman alleges that it was accepted and assented to by Loup District. Hickman further alleges that Loup District obtained from the department an extension of time for completing the construction work until July 1, 1938. Hickman alleges that Loup District did not complete its construction work until September 1, 1938, that it applied no water to the beneficial use for which taken under its appropriation right until June 1, 1938, and that the maximum amount of water diverted under its appropriation prior to August 24, 1937, was 506 cubic feet per second of time, although there was additional water available in the Loup River subject to diversion by Loup District. Hickman alleges that the failure of Loup District to comply with the order of the department approving and allowing the corrected application of Loup District, including the failure to complete its works prior to the time limited in the order and to apply water to the beneficial use for which it was appropriated prior to August 24, 1937, resulted in a failure by Loup District to acquire a final and complete appropriation of the waters of the Loup District, or a vested right therein, or the priority date of September 15, 1932. Hickman asserts that the Loup District, irrespective of the foregoing facts,

claims the right to divert the waters of the Loup River to the extent of 3,500 cubic feet per second of time with a priority date of September 15, 1932, and that said claimed appropriation right is superior to that of Hickman.

Hickman asserts that there are a great many appropriators of water for irrigation from the Loup River and its tributaries who have priority dates junior to September 15, 1932, and whose diversion points are upstream from the diversion point of the Loup District. The junior appropriators are alleged to be similarly situated as Hickman and the action is allegedly brought on their behalf.

Hickman further alleges that Loup District in 1955, and subsequent thereto, made demands upon the department to prevent diversions of water by junior appropriators unless payment be made by them as compensation for interference with its appropriation in lieu of condemnation. Hickman alleges that junior appropriators have been coerced into making payments of large sums of money to Loup District to obtain needed irrigation water when in truth and fact Loup District had no valid appropriation rights for the reasons hereinbefore stated. The contention is made that unless the purported appropriation by Loup District for power purposes is cancelled and annulled, Loup District will continue to demand and collect such payments as compensation for interference with its water supply.

The United States is made a party defendant because of a suit brought by it to condemn 260 cubic feet of water per second of time for irrigation purposes, the same being the first 260 cubic feet of water out of the 3,500 cubic feet of water per second of time alleged by Loup District to have been appropriated by it for the generation of power. It is alleged that the validity of the condemnation proceeding brought in the United States District Court for the District of Nebraska is

wholly dependent upon the validity of the appropriation of Loup District.

The Middle Loup District and the North Loup District, as well as its receiver, filed petitions in intervention in the proceeding, praying for the cancellation and annulment of Loup District's appropriation right with the priority date of September 15, 1932, for the same reasons set out in Hickman's petition.

By answer filed to the petition, Loup District admits that it has claimed the right to divert 3,500 cubic feet of water per second of time with a priority date of September 15, 1932, since March 23, 1934. It alleges a right superior to all appropriators whose applications for appropriative rights were filed subsequent to September 15, 1932, and that subsequent appropriators including Hickman may not interfere with the exercise of its rights except by formal condemnation proceedings or by an agreement for payment of compensation in lieu of condemnation, as provided by section 70-669, R. R. S. 1943. Loup District admits making demands upon the department to prevent interference with its appropriation by junior appropriators, that demands were made upon junior appropriators for compensation for interference in lieu of condemnation, and that it will continue to make such demands for compensation hereafter. Loup District alleges that it complied with all requirements of its granted application and that its appropriation is in all respects valid. It alleges that it entered into leases with Nebraska for the use of water for power purposes and paid the amounts due thereunder, all in accordance with section 46-236, R. R. S. 1943. Loup District alleges that for 19 years prior to 1958 it used all water of the Loup River available for diversion, except in times of flood and operational difficulties, during which time its appropriation rights were never assailed. It alleges the expenditure of $13,000,000 during this period of time in the construction of its hydroelectric plants and its auxiliary facilities, and the making

of long-term contracts with the users of electric power. It alleges that it borrowed large sums of money which remain unpaid, and which were loaned in reliance upon the validity of its appropriative right. It asserts that after 25 years, substantial evidence of facts and circumstances are no longer available. Based on these allegations, Loup District asserts estoppel, laches, and the statute of limitations as defenses.

As a further defense, Loup District alleges that by way of compromise it agrees that Hickman, without payment of compensation, may interfere with the appropriative right of Loup District to the extent of 1.28 cubic feet of water per second of time for all time in the future. Hickman refused to accept such compromise and insisted that Loup District's appropriative rights be cancelled and annulled. Loup District thereafter filed separate motions to dismiss Hickman's petition and the petitions of the interveners on the basis of Loup District's offer to Hickman to permit the latter's interference with Loup District's appropriative rights without compensation in lieu of condemnation to the extent of 1.28 cubic feet of water per second of time. The department sustained the motions of Loup District to dismiss. Motions for a new trial were timely filed and overruled by the department. Hickman and interveners have each perfected appeals to this court.

The contention is advanced by Loup District that this is not a class action irrespective of the fact that it is alleged in Hickman's petition to be such. The department has original exclusive jurisdiction to hear and adjudicate all matters pertaining to water rights for irrigation, power, or other useful purposes, except as specifically limited by statute. § 46-209, R. R. S. 1943. The authority thus granted necessarily includes the granting of appropriations of public waters, the adjudication of priorities, and the restriction or cancellation of approved applications for noncompliance with their terms or the statutory law of the state. Ainsworth Irr. Dist. v.

Harms, 170 Neb. 228, 102 N. W. 2d 429; Ainsworth Irr. Dist. v. Bejot, 170 Neb. 257, 102 N. W. 2d 416. The exercise of such powers by the department is quasi-judicial in character. North Loup River Public Power & Irr. Dist. v. Loup River Public Power Dist., 162 Neb. 22, 74 N. W. 2d 863. The statute does not provide the procedure to be followed in the exercise of the jurisdiction granted, except to provide that the department shall adopt rules governing matters coming before it. The department appears to have followed the civil code in the formulation of the issues and in dealing with the pleadings filed. It is not contended that any adopted rule of the department was violated. Under such circumstances the department may properly follow code provisions in dealing with matters before it. This necessarily implies the right in a proper case to entertain an action on the behalf of one and others similarly situated and to permit intervention by persons having the required interest in the litigation.

Loup District argues that the common relationship of junior appropriations is insufficient to permit an action by one junior appropriator and all others similarly situated. The statutory right to maintain a class action provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." § 25-319, R. R. S. 1943. The only issue raised by Hickman is the question of the validity of the appropriation of the public waters of the Loup River by the Loup District. Each appropriator junior in point of time to the appropriation of Loup District has a common interest in the issue raised. A cancellation of Loup District's appropriation would have the effect of advancing the priority of each junior appropriator on the over-appropriated waters of the Loup River. It cannot be disputed that a holding for or against the Loup District would be a binding judg-

ment on all junior appropriators. The action is of a common and general interest of many persons. Their interests are identical. A class action in such a situation is authorized by section 25-319, R. R. S. 1943.

The Loup District also contends that Middle Loup District, North Loup District and the receiver, are not entitled to intervene in the action for the reason that they are barred by the time limitation contained in section 46-238, R. R. S. 1943. The applicable part of this statute provides: "Any application for an appropriative right which is deficient by reason of past failure to comply with any of the requirements of sections 46-233 and 46-238 for the perfection of an appropriative right, which application has not been dismissed or denied, is also hereby ratified and confirmed; unless, within one year from September 20, 1957, a petition to vacate such an order granting an extension of time, or a petition to forfeit, cancel or otherwise invalidate such an application for an appropriative right, shall have been filed with the department by a person affected adversely thereby. All rights and defenses which heretofore shall have accrued in favor of the grantees of such an extension shall be preserved." The record shows that Hickman filed his petition prior to September 20, 1958, and Middle Loup District, North Loup District, and the receiver did not file their petitions in intervention until after such date.

It is clear from the foregoing statute that Middle Loup District, North Loup District, and the receiver lost any right they may have had to petition for the cancellation and annulment of the appropriation right of Loup District by failing to petition the department within the 1-year limitation. The question presently before the court is whether or not the Middle Loup District, the North Loup District, and the receiver, after a party adversely affected has within the 1-year limitation sought the cancellation and annulment of Loup District's appropriation right, are barred from intervention to assert the interest which they have in the litigation.

The rule in such cases is stated by an authoritative text as follows: "The general rule seems to be that where a community of interest or a privity of estate exists between an intervener and other plaintiffs, a suit commenced before the expiration of the statutory period inures to the benefit of the person who intervenes therein after the time when an action would be barred. The reason for this holding is that an intervention does not constitute a new cause of action." Annotation, 8 A. L. R. 2d § 42, p. 90. Although the rule appears to be one of first impression in this state, it is supported by a multitude of decisions from other jurisdictions which are cited in the footnotes to the foregoing quotation. See, Mauer v. Miller, 77 Kan. 92, 93 P. 596, 127 Am. S. R. 408, 15 Ann. Cas. 663; Russell v. People's Nat. Bank of Belton (Tex. Civ. App.), 2 S. W. 2d 961; Marsh v. United States, 97 F. 2d 327. We conclude that Middle Loup District, North Loup District, and the receiver were properly permitted to intervene.

The motions to dismiss the petition of Hickman and the interveners' petition were based on the pleaded offer of Loup District to permit interference with its water right in the future to the extent of 1.28 cubic feet of water per second of time. The sustaining of the motions to dismiss on this ground was erroneous.

The statutes of this state give a preferential use to waters for agricultural (irrigation) purposes over a use for power purposes. § 70-668, R. R. S. 1943. They also provide that no inferior right to the use of waters of this state shall be acquired by a superior right without just compensation therefor to the inferior user. § 70-669, R. R. S. 1943. It is further provided by section 70-672, R. R. S. 1943, that where the owner of a superior right seeks to acquire water being used for power purposes, and compensation to be paid cannot be agreed upon, the procedure to condemn property shall be exercised in the manner set forth in sections 76-704 to 76-724, R. R. S. 1943. We point out that Hickman has not

attempted to condemn any of the waters appropriated by Loup District. Neither has he agreed with Loup District on the amount of compensation to be paid in lieu of condemnation. The effect of the dismissals by the department is for the department to accept the offer of Loup District on behalf of Hickman and then to impose its terms upon Hickman against his will. The department is clothed with no such authority.

We point out that the issue between Hickman and Loup District is the validity or invalidity of Loup District's appropriation. The validity of Hickman's appropriation is not in issue. The offer of Loup District, which the department feels is sufficient to make the issues moot and require a dismissal, overlooks the fact that it is dealing with a subject not in issue under the pleadings. Hickman pleaded the validity of his appropriation right only to show that he was a person affected adversely and therefore entitled to bring the action in accordance with section 46-238, R. R. S. 1943. We point out also that in a class action the one bringing the action cannot dismiss the action for reasons personal to him over the objection of a person having a beneficial interest in the litigation who is in the position of one similarly situated when substantial rights of other parties have accrued and injustice would result from the dismissal. But where, as here, petitions in intervention have been filed before the disposition of the case, the nominal petitioner cannot dismiss the entire action. Consequently, if for some reason the department could properly dismiss Hickman from the case for reasons personal to Hickman, the right of interveners to proceed is not affected thereby. We point out further that the United States claims to have acquired the first 260 cubic feet of water per second of time of Loup District's appropriation. The United States was not a party to Loup District's unaccepted compromise offer. From all that can be determined from the pleadings, this situation could well have been a critical factor in the failure of the parties to

agree upon the compensation to be paid in lieu of condemnation. The disposition made does not take into consideration the right of Hickman to recover payments made by him to obtain necessary water for irrigation. The record shows that a tender of such amount was made in this court but not in the proceedings before the department. We do not pass upon the validity of the tender because, whenever and wherever made, it cannot have the effect of making the litigation moot so as to require the dismissal of the action. For the reasons stated, the dismissals of the petition and the petitions in intervention are reversed.

The department is vested by statute with original jurisdiction to adjudicate all matters pertaining to the granting and cancellation of water rights and priorities. North Loup River Public Power & Irr. Dist. v. Loup River Public Power Dist., *supra*. The limit of the jurisdiction of this court in the present appeal is to review the correctness of the department's dismissals of the petition and petitions in intervention. Having concluded that the department erred in sustaining the motions to dismiss, it remains for the department, in the exercise of its original jurisdiction, to determine the issues presented by the pleadings upon their merits. The orders sustaining the motions to dismiss are severally reversed and the cause is remanded to the department for further proceedings.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.